[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4777 RE: MOTION FOR SUMMARY JUDGMENT #114
The defendant, The Taft School Corporation, (hereinafter Taft), has moved for summary judgment in its favor. Both the defendant Taft, and the plaintiff have submitted documentary evidence in support of their respective positions. The defendant has submitted certain portions of the plaintiff's deposition testimony, and the plaintiff has submitted his affidavit.
Despite the allegations of the complaint, which do not at all correspond with the deposition transcript and affidavit referred to above, it appears that there is no real issue as to the existence of the following facts.
On November 15, 1995 the plaintiff was on the premises of Taft School in his capacity as an inspector employed by Professional Service Industries. In the course of his duties he was required to walk from one area of those premises to another. There was an unpaved roadway which the plaintiff could have utilized but he chose not to because it was wet and muddy and contained potholes.
Rather than walk on the above roadway the plaintiff chose to walk on a grassy area which was on a slight incline according to his deposition. While walking on this grassy area the plaintiff claims to have fallen and suffered the injuries complained of.
Essentially the defendant argues that under the above circumstances there was no duty owing to the plaintiff and if such a duty did exist, it was not breached.
The issue of whether a duty is owed, the breach of which will give raise to a claim of negligence, is a question of law to be decided by the court. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171
(1988). A duty to use care will arise from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. Coburn v. LenoxHomes, Inc., 186 Conn. 370, 375 (1982).
With respect to a business invite, a possessor of land has a duty to keep the premises in a reasonably safe condition, and warn such invitee of dangerous conditions that the invitee could not reasonably be expected to discover. Marin v. Bell Court Condominium Assn., Inc.,
CT Page 4778223 Conn. 323, 327 (1992).
The plaintiff claims that he utilized the grassy area due to the condition of the roadway. However, there is no claim that the grassy area was in any way dangerous or unsafe. Certainly our tort law has not developed to the point that wet grass, even on a slight incline, is an unsafe condition that requires either warning or rectification. Whatever condition did exist was also open and obvious to the plaintiff.
Therefore, even assuming the existence of a duty running between the plaintiff and the defendant Taft, on the undisputed facts of this case there was no breach thereof.
The motion for summary judgment of the defendant Taft is therefore granted.
THOMPSON, JUDGE.